UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MORAN, | : | CASE NO. C-1-01-171 |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE |
| | : | TIMOTHY S. HOGAN |
| v. | : | |
| | : | |
| EAGLE AFFILIATES, | : | **PLAINTIFF'S MOTION TO REVIEW** |
| | : | **CLERK'S MEMORANDUM ON COSTS** |
| Defendant. | : | |

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court not impose Defendant's costs on him.

Respectfully submitted,

  s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP, BRINKER, REBOLD &
 RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 922-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MORAN, | : | CASE NO. C-1-01-171 |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE |
| | : | TIMOTHY S. HOGAN |
| v. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| EAGLE AFFILIATES, | : | **PLAINTIFF'S MOTION TO REVIEW** |
| | : | **CLERK'S MEMORANDUM ON COSTS** |
| Defendant. | : | |

## I. INTRODUCTION

The jury returned a verdict in favor of the Defendant in this employment discrimination action.

By Order entered October 16, 2002, this Court directed that judgment be entered for the Defendant. Judgment was entered in favor of Defendant that day. (Docs. 66-67)

Neither the Order nor the Judgment expressly imposed costs on Plaintiff.

Defendant filed its Bill of Costs on November 22, 2002.

On March 5, 2004, the Clerk granted Defendant's Bill of Costs in its entirety in the amount of $4,200.92. (Doc. 70)

## II. ARGUMENT

Plaintiff files this motion pursuant to Rule 54(d)(1), which provides: "On motion served within five days [after the taxation of costs by the Clerk], the action of the clerk may be reviewed by the Court." Fed. R. Civ. P. 54(d)(1) (emphasis added).[1]

Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (emphasis added).

This Court should deny costs if "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *Id.* (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959) (emphasis in original)).

Plaintiff respectfully submits that "under all the circumstances" it would be "inequitable" to impose on him the burden of Defendant's costs.

The Sixth Circuit has recognized that the potential "chilling effect" that an award of costs might have on other litigants is one of the "circumstances" that should be considered by this Court. *White & White, Inc.,* 786 F.2d at 731, 733. Plaintiff acted properly and in good faith when bringing and trying this action: That the jury found in Defendant's favor (after this Court had denied repeated requests to dismiss this action on the merits) does not suggest a lack of good faith or impropriety.

---

[1]  Pursuant to Rule 6(a), the deadline for filing this motion is March 12, 2004. Fed. R. Civ. P. 6(a).

*Id.* at 730. In addition, and as this Court was informed at trial, Plaintiff was then in bankruptcy.[2]
Counsel submits that imposing costs on this plaintiff simply because a jury found in favor of the defendant creates a significant risk of discouraging future plaintiffs from exercising, in good faith, their right to present meritorious employment discrimination claims. *See Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000) (Judge Spiegel) (granting motion to deny costs) ("chilling effect"); *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068, 1072 (S.D. Ohio 1995) (Judge Weber) (granting motion to deny costs) ("chilling effect"). *See generally Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) (financial ability to pay of losing party "is a proper factor to be considered in granting or denying taxable costs").

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should exercise its discretion and not impose costs on Plaintiff.

Respectfully submitted,

  s/ Martin McHenry
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
HAVERKAMP, BRINKER, REBOLD &
 RIEHL CO., L.P.A.
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 922-3200

---

2/  It appears from Plaintiff counsel's review of the Bankruptcy Court docket sheet that the bankruptcy proceeding is still open. *See Michael and Brenda Moran,* Bankruptcy Petition No. 1:02-bk-12681 (U.S. Bankruptcy Ct. S.D. Ohio).

CERTIFICATE OF SERVICE

    I hereby certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Gary L. Greenberg, Esq., Denlinger, Rosenthal & Greenberg, 425 Walnut Street, Suite 2310, Cincinnati, OH 45202. I served Michael J. Epstein, Esq., Epstein Beirne, 340 West Passaic Street, Rochelle Park, New Jersey 07662 via regular United States mail, this 12th day of March, 2004.

                                                                               s/ Martin McHenry
                                                                          **MARTIN McHENRY (0022543)**
                                                                          Trial Attorney for Plaintiff