# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

MICHAEL MORAN,
Plaintiff

vs

Case No. C-1-01-171
(Hogan, M.J.)

EAGLE AFFILIATES,
Defendant

---

## ORDER

---

　　　This matter is before the Court on Plaintiff's Motion to Review Clerk's Memorandum on Costs (Doc. 71). To date, Defendant has filed no response to Plaintiff's motion. Also of interest to the resolution of this issue is the Clerk's Memorandum on Costs (Doc. 70).

　　　The Clerk's Memorandum of Costs (Doc. 70) taxes Defendant's trial costs of $4,200.92 to the nonprevailing party, the Plaintiff. Within the five day period permitted by the Clerk's Memorandum on Costs and the law, Plaintiff filed his Motion to Review Clerk's Taxation of Costs. For the reasons which follow, we find that Defendant's trial costs should not be taxed to Plaintiff.

　　　The Clerk's taxation of costs is authorized by 28 U.S.C. § 1920, which allows the clerk to tax certain prescribed litigation expenses. The statute does not require the Clerk to tax costs to the losing party, nor does it require the taxation of costs. Historically, however, costs are taxed to the losing party and the court must exercise discretion both in awarding costs and in deciding what statutorily awardable costs to award. *Ezelle v. Bauer Corp*, 154 F.R.D. 149 (S.D. Miss. 1994); *John G. v. Board of Education of Mt. Vernon Public Schools*, 891 F. Supp. 122 (S.D.N.Y. 1995).

Plaintiff requests that, pursuant to Fed. R. Civ. P. 54(d), the Court review the Clerk's taxation of costs to Plaintiff and deny Defendants' request for costs. Rule 54(d) provides, in relevant part, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The non-prevailing party has the burden of showing circumstances overcoming the presumption favoring an award of costs under Rule 5 4(d). *Id.* a t 7 32. T he C ourt s hould c onsider s everal f actors in making a determination of whether costs should not be awarded, including whether the taxable expenditures by the prevailing party are "unnecessary or unreasonably large," whether the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting non-meritorious issues into the litigation, whether the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party, and whether the case is "close and difficult." *Id.* at 730. The Court should not consider the size of a successful litigant's recovery or the prevailing party's ability to pay costs in determining whether to deny costs. *Id.* Finally, while the good faith of a non-prevailing party in filing and prosecuting an action is a relevant factor, in the absence of other relevant factors, good faith alone is an insufficient basis for denying costs. *Id.*

In the present case, Defendant is the prevailing parties having obtained a jury verdict in its favor against Plaintiff. Defendant seeks $4200.02 in taxable costs against Plaintiff. Plaintiff argues that it would be inequitable to impose Defendant's costs upon him as he is indigent. In support of this argument, Plaintiff directs the Court to his bankruptcy claim currently pending in the United States Bankruptcy Court for the Southern District of Ohio. ( *See Michael and Brenda Moran* , Bankruptcy Petition No. 1:02-bk-12681 (U.S. Bankruptcy Ct. S.D. Ohio)). Plaintiff contends that, not only would the taxation of such costs be inequitable, but that such would also have a "chilling effect" upon other litigants. *See White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

The Sixth Circuit has historically held that it was error for a district court to consider the losing party's ability to pay as a basis for denying the prevailing party an award of taxed costs. *See Wilcox v. Straub*, No. 95cv725, 1997 WL 33323861 at *2 (W.D. Mich. 1997)(citing *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968)(the ability of a party litigant to pay costs is not a valid criterion in assessing them); *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)(same). As the court in *Wilcox* correctly noted, while these cases have not been overruled

by the Sixth Circuit, other panels of the Sixth Circuit have clearly departed from them. *Id.* The Sixth Circuit in *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986), found that "refusal to tax costs against an indigent plaintiff is a permissible exercise of discretion by the district court." 789 F.2d at 1233(citing *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160, 1165 (7th Cir. 1983)(indigence is a permissable factor to consider, but courts must be mindful of the presumption that costs are to be awarded to the prevailing party . . . ."). In *Ruben v. Rathbun*, 825 F.2d 977 (6th Cir. 1987), the court stated that, ". . . while an assessment of costs will not be reversed on the basis of indigency, district judges are encouraged to consider the question of indigency fully for the record." 825 F.2d at 987(citing *Jones*, 789 F.2d at 1233).

In light of his pending bankruptcy petition, we find that Plaintiff has sufficiently established his indigency.[1] Defendant has offered no argument to rebut such and we find that, not only would taxation of Defendant's costs against Plaintiff be inequitable, such would also have a chilling effect on future litigants. Plaintiff has, in this case, rebutted the presumption with respect to the taxation of costs upon the nonprevailing party.

### IT IS THEREFORE ORDERED THAT

1)    Plaintiff's Motion to Review Clerk's Memorandum on Costs (Doc. 71) be GRANTED.

2)    Defendant's Bill of Costs (Doc. 68) is hereby DENIED and Defendant's costs shall not be taxed against Plaintiff.

SO ORDERED.

Date  1/19/05

Timothy S. Hogan
United States Magistrate Judge

---

[1] The Court has reviewed the docket with respect to Plaintiff's bankruptcy petition which reveals that Plaintiff filed a Chapter 13 Plan on April 11, 2002 and such was confirmed on October 24, 2002. Plaintiff has been, and currently is operating under this Plan.